# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERESA C., *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-01665-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

　　　Plaintiff Marvin Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 17, 2021.  (ECF No. 1.)  Plaintiff has not filed an application to proceed *in forma pauperis* or paid the $402.00 filing fee.

**II.    Prison Litigation Reform Act**

　　　The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1099–1100 (9th Cir. 2011).  Pursuant to the PLRA, the *in forma pauperis* statute was amended to include section 1915(g), a non-merits screening device which precludes prisoners with three or more "strikes"

1

from proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**III.     Discussion**

As noted above, Plaintiff has neither paid the filing fee for this action nor requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  A review of court records reveals that Plaintiff is subject to 28 U.S.C. § 1915(g).[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2]  *Andrews*, 493 F.3d at 1053−55.  Though the complaint is thirty pages in length, Plaintiff's allegations can be summarized as raising claims related to inadequate access to the law library and inadequate access to ADA workers, resulting in denial of Plaintiff's access to the courts.  Plaintiff also alleges that he is being discriminated against on the basis of his race and disability in the assignment of prison jobs, and that he did not receive a COVID-19 stimulus check.  Although Plaintiff includes language regarding the legal

---

[1]     The Court takes judicial notice of the following United States District Court cases: (1) *Ripple v. Gomez*, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996 as frivolous); (2) *Harris v. Rehnquist*, Case No. 1:96-cv-01304-UNA (D.D.C.) (dismissed on June 11, 1996 for failure to state a claim); (3) *Harris v. Higgins*, Case No. 1:96-cv-01420-UNA (D.D.C.) (dismissed on June 19, 1996 for failure to state a claim); (4) *Harris v. Hickey*, Case No. 1:96-cv-05770-GEB-HGB (E.D. Cal.) (dismissed on April 7, 1997 as frivolous); (5) *Harris v. Hickey*, Case No. 1:97-cv-05186-REC-HBG (E.D. Cal.) (dismissed on July 28, 1997 as frivolous); (6) *Harris v. Coyle*, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999 as frivolous, as malicious, and for failure to state a claim); (7) *Harris v. Glass*, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000 for failure to state a claim); (8) *Harris v. Edmonds*, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000 for failure to state a claim); (9) *Harris v. Pliler*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002 for failure to state a claim); (10) *Harris v. Edmonds*, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002 for failure to state a claim); (11) *Harris v. Virga*, Case No. 2:13-cv-00932-GEB-AC (E.D. Cal.) (dismissed on July 8, 2013 as frivolous); (12) *Harris v. Harris*, Case No. 2:14-cv-00977-KJM-KJN (E.D. Cal.) (dismissed on July 31, 2014 as frivolous and for failure to state a claim); and (13) *Harris v. Campell*, Case No. 1:18-cv-01659-DAD-JLT (E.D. Cal.) (dismissed on April 30, 2020 for failure to state a claim and failure to obey a court order).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

standards for filing of a claim against a defendant who is deliberately indifferent to a substantial risk of serious harm to an inmate, Plaintiff does not actually allege that any defendant was deliberately indifferent or that Plaintiff faces any risk of harm.  (*See* ECF No. 1, pp. 23.)

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff should be required to pay the $402.00 filing fee if he wishes to litigate this action.

**IV.   Order and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff be ordered to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2021**              /s/ Barbara A. McAuliffe            _
                                                                   UNITED STATES MAGISTRATE JUDGE